RIGNEY v. RAPHAEL TUCK & SONS CO., Limited.

(Circuit Court, S. D. New York. November 4, 1896.)

1. COPYRIGHT — FALSELY MARKING "COPYRIGHTED" — ACTION FOR PENALTY — PLEADING.

A complaint in an action to recover the penalty imposed by Rev. St. § 4963, which alleges that on a certain date "the defendant, at the city of New York, in the state of New York, did publish and issue a certain book, entitled 'F. &c.', and in and upon said book did knowingly insert and impress a false and untruthful notice that the same was copyrighted, which notice was in the following words: 'Copyright, 1896, by R.,'" is sufficient, and is not demurrable, either for failing to negative the possibility that the notice was attached to a copyrighted picture, map, or the like, in an uncopyrighted book, nor for insufficiently stating the place where the inserting or impressing of the notice was done.

2. SAME—DEMURRER.

An averment, in such a complaint, that the book was not copyrighted by the defendant, is not equivalent to an allegation that the defendant had not obtained a copyright, and is demurrable.

3. SAME—FALSE NOTICE OF COPYRIGHT.

Rev. St. § 4963, does not require that the false notice of copyright must be inserted upon one of the pages of a book, named in section 4962.

This was an action by William J. Rigney against Raphael Tuck & Sons Company, Limited, to recover the penalties provided by

Rev. St. § 4963, for inserting notices of copyright in uncopyrighted books. There were five causes of action, which were pleaded in identical language, except as to the dates of publication. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

A. Bell Malcomson, for plaintiff.

Goepel & Raegener and Rowland Cox, for defendant.

SHIPMAN, Circuit Judge. Section 4962 of the Revised Statutes provides "that no person shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published on the title page or the page immediately following, if it be a book," a notice in a form which is prescribed. Section 4963 provides as follows:

"Every person who shall insert or impress such notice, or words of the same purport, in or upon any book, map, chart, dramatic, or musical composition, print, cut, engraving, or photograph, or other article, for which he has not obtained a copyright, shall be liable to a penalty of one hundred dollars, recoverable one-half for the person who shall sue for such penalty, and one-half to the use of the United States."

By act of March 3, 1891, this section was amended in a manner immaterial to the present discussion. To the plaintiff's complaint, which is founded upon section 4963, the defendant has demurred upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. The allegations of the complaint which the defendants' counsel criticise are as follows:

"(3) That as a first cause of action, upon information and belief, plaintiff alleges that heretofore, and on or about the 1st day of May, 1896, the defendant, at the city of New York, in the state of New York, did publish and issue a certain book entitled 'Father Tuck's Nursery Rhymes,' and in and upon said book did knowingly insert and impress a false and untruthful notice that the same was copyrighted, which notice was in the following words, 'Copyright, 1896, by Raphael Tuck & Sons, Ltd.'

"(4) That the said book, being a proper subject of a copyright, was not copyrighted by the said 'Raphael Tuck & Sons, Ltd.,' or by 'Raphael Tuck & Sons Company,' or by the defendant; and that the notice impressed thereon by defendant was and is false and contrary to the statutes of the United States in such case made and provided, and more particularly to section 4963 of the Revised Statutes of the United States."

The first ground of the demurrer is that the use which is alleged to have been made of the notice of copyright is consistent with a proper use of such notice, and that it is not alleged with sufficient clearness to have been a wrongful use. For example, a book may be made up of a quantity of maps, or of musical compositions, or of engravings or photographs, each one of which was, before they were embodied in book form, the subject of a separate copyright, and is entitled to a copyright notice. The position of the defendant is that it does not appear in the complaint that the use which the defendant made of the notice of copyright was not the proper use which it might have made. The allegations in regard to the untruthfulness of the notice and wrongful use which the defendant made of it state the case in the language of the statute, and recite

the facts which constitute a statutory cause of action, and it was not necessary for the pleader to negative all the supposable matters of defense.

The second ground of demurrer is that the complaint does not allege that the fictitious notice was inserted or impressed at any particular place, and that, for aught that appears, the book might have been printed in Canada, and have been brought here for sale. The complaint alleges that at the city of New York the defendant did publish and issue a book, called "Father Tuck's Nursery Rhymes," and did knowingly insert and impress in and upon said book a false and untruthful notice. The obvious meaning of the allegations is that the publication and insertion of the notice was at the city of New York. The assertion contained in the whole complaint is that the defendant, at New York, published a book which it had not copyrighted, and in or upon which it knowingly inserted a false notice of copyright.

The third ground of demurrer is that the complaint does not allege that the false notice was inserted on the title page, or the page immediately following. Section 4963 does not seem to require that the false notice must be inserted upon one of the pages named in section 4962. It is true that the owner of the copyright cannot maintain an action for infringement unless he inserted his notice at a specified place, but it does not appear from section 4963 that a false notice of copyright cannot be punished if it is placed upon the second page after the title page, or is placed upon the cover of the book, and is only punishable when placed upon the title page, or the page which immediately follows. The language of the section is more broad, and seeks to prevent the insertion of a false notice "in or upon" a book.

Another objection to the complaint is that there is no averment that the defendant had not obtained a copyright. There is an averment that the book was not copyrighted by the defendant corporation under either of its names, but that allegation is not equivalent to the averment that it had not obtained a copyright. If the book was copyrighted, and if the defendant was the owner of the copyright by assignment, such a state of facts was consistent with the averments of the complaint. It is true that there is an averment that the defendant inserted a false and untruthful notice that the book was copyrighted, "which notice was in the following words," etc.; but when the pleader states wherein the falsehood consisted, he does not state that it consisted in the fact that the book was not copyrighted, but that it was not copyrighted by the corporation which was mentioned in the notice. The objection is a narrow one, but it should be removed by amendment.

The demurrer is sustained, with leave to amend in 15 days after the entry of the order upon the payment of $10 costs.